

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. I. Predecki
County Auditor
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-2235
Re: Distribution of Re-
vised Civil Statutes
to Justices of the
Peace

Your request for opinion has been re-
ceived and carefully considered by this depart-
ment. We quote from your letter of request as
follows:

"A Justice of the Peace in this
County has requested that he be fur-
nished the Revised Civil and Criminal
Statutes of Texas with amendments.

"Kindly give me your opinion if
I am authorized to sign a warrant to
furnish Justices of the Peace with
the above mentioned statutes."

Article 4335, Revised Civil Statutes
of Texas, reads as follows:

"The following officers shall be
entitled to receive one copy of each
of all general and special laws here-
after passed by the Legislature, to-
wit: The Governor and heads of de-
partments, each member of the Legis-
lature, the judges of the several
courts throughout the State, and the
clerks of said courts, and each county
attorney. The following officers shall

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable I. Predecki, page 2

be entitled to receive one copy each of all general laws hereafter passed by the Legislature, to-wit: county treasurer, county surveyor, sheriff, assessor of taxes, tax collector, inspector of hides and animals, justice of the peace, constable and county commissioner."

Article 4336, Revised Civil Statutes of Texas, reads as follows:

"The Secretary of State shall distribute the printed laws of each session of the Legislature to the officers named in the preceding article, as follows: He shall mail or deliver in person to the Governor and heads of departments, and to all State or District officers, a copy each, and shall forward to the county judge of each county a sufficient number of said laws to supply each county officer named in the preceding article with a copy."

Article 4338, Revised Civil Statutes of Texas, reads as follows:

"Whenever a revision of the laws of the State has been or shall be subscribed for, or published by the State, a sufficient number of copies of each volume thereof shall be forwarded to the county judge of each county to furnish one of said copies to each judge of the appellate and district courts, to each clerk of the district and county courts, and appellate courts, and to each justice of the peace that may be a resident in said county. The Secretary of State shall also deliver to each executive officer at the seat of government one of said copies."

Article 4339, Revised Civil Statutes of Texas, reads as follows:

Honorable I. Predecki, page 3

"Whenever any officer shall receive
a copy of any report, statute, digest or
journal, he shall receipt for the same
to the officer distributing it, who shall
file such receipt in his office. Said
books shall be deemed to belong to the
office of said officer to whom they are
delivered, and shall, at all reasonable
hours, be subject to the examination of
any citizen of this State. If any said
officer fails or refuses to deliver any
said book to his successor in office
when demanded by him, the officer so
failing or refusing shall be liable to
pay such successor the costs and charges
that may be necessary to supply the office
of such successor with any said book that
he shall so fail or refuse to deliver."

Article 4341, Revised Civil Statutes of Texas,
reads as follows:

"The Secretary of State shall not
be required to forward copies of laws
to nor attest the authority of any of-
ficer in this State who fails or re-
fuses to take out his commission."

Articles 4335, 4336, 4338, 4339 and
4341, Revised Civil Statutes, supra, provide a
clear and unambiguous statutory method for the
distribution of the Revised Civil Statutes of
this state to the officers mentioned in the stat-
ute. The Justice of the Peace is one of the officers
named in the statute. As outlined by said statutes
the volumes intended for the Justice of the Peace are
delivered by the Secretary of State to the County
Judge, and it is the statutory duty of the County
Judge to deliver said volumes to the Justice of the
Peace and take his receipt therefor. Said books
shall be deemed to belong to the office of the Justice

Honorable I. Predecki, page 4

of the Peace when delivered to said officer.   Article
4339, Revised Civil Statutes, supra, further provides
that if any officer fails or refuses to deliver any
of said books to his successor in office when demanded
by him, the officer so failing or refusing shall be
liable to pay such successor the costs and charges
that may be necessary to supply the office of such
successor with any said book that he shall so fail
or refuse to deliver.   It was the clear contemplation
of said statutes that the county would not have to
expend any county funds to secure the books or replace
them if they were lost or destroyed.

We think that portion of Article 3899b,
Revised Civil Statutes, which states "and such books
and stationery as are necessary in the performance
of their duties shall also be furnished Justices of
the Peace by said Commissioners' Court" would not
apply in this situation, because of the rule of
statutory construction known as "Expressio unius
est exclusio".   We quote from Sutherland on Statutory
Construction, Section 326, as follows:

> "Where authority is given to do a
> particular thing, and the mode of doing
> it is prescribed, it is limited to be
> done in that mode; all other modes are
> excluded.   Such affirmative legislation,
> and any other which introduces a new rule,
> imply a negative."

It is fundamental law, and the courts have
repeatedly held that commissioners' courts are courts
of limited jurisdiction, having no authority except
such as is expressly or impliedly conferred by the
Constitution and statutes.

It is the duty of the county auditor to see
to the strict enforcement of the law governing county
finances.   Article 1651, Revised Civil Statutes.   It
is the duty of the county auditor to inquire into the
correctness of accounts against the county.   Article
1653, Revised Civil Statutes.   Claims against a county
cannot be allowed or paid without the approval of the

Honorable I. Predecki, page 5

county auditor. Article 1660, Revised Civil Statutes. Only lawful claims against a county may be approved by the county auditor. Article 1661, Revised Civil Statutes. The county auditor's bond is conditioned upon the faithful performance of his duties. Article 1649, Revised Civil Statutes.

In view of the above authorities you are respectfully advised that it is the opinion of this department that your question should be answered in the negative, and it is so answered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Assistant

WJF:LW

APPROVED APR 25, 1940

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN